JAMES T. CONLEY, SBN 224174
james.conley@ogletree.com
PAUL M. SMITH, SBN. 306644
paul.smith@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
500 Capitol Mall
Suite 2500
Sacramento, CA  95814
Telephone:     916-840-3150
Facsimile:      916-840-3159

Attorneys for Defendant
BRINK'S INCORPORATED
(erroneously named as Brinks Corporation)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LE'CARRA WARD<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BRINKS CORPORATION<br><br>　　　　　Defendant. | Case No.  4:22-cv-2815<br><br>**DEFENDANT BRINK'S INCORPORATED'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>**[DIVERSITY JURISDICTION]**<br><br>Alameda County Superior Court<br>Case No. 22cv008603<br>Complaint Filed:  3/18/2022<br>Trial Date:            TBD |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

　　PLEASE TAKE NOTICE THAT Defendant Brink's Incorporated, improperly pleaded as Brinks Corporation ("Brink's"), removes this action from the Superior Court of the State of California for the County of Alameda, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446 on the grounds that: (a) there is complete diversity of citizenship between plaintiff LE'CARRA WARD ("Plaintiff"), a citizen of the State of California, and Defendant BRINKS, a citizen of the states of Delaware and Virginia; (b) the amount in controversy exceeds the jurisdictional minimum of $75,000 set forth in Section 1332(a); and (c) the

foregoing facts were true at the time the Complaint in this matter was filed and remain true as of the date of the filing of this Notice of Removal, as is more fully set forth below on the following grounds.

## I.   THE STATE COURT ACTION

1. On or about March 18, 2022, Plaintiff filed an unverified Complaint (the "Complaint") in the Superior Court of the State of California, County of Alameda, captioned *Le'Carra Ward v Brinks Corporation*, which was assigned case number 22CV008603 (the "State Court Action").

2. On or about April 12, 2022, Plaintiff served the Summons and Complaint on Defendant's registered agent. (Declaration of Paul Smith in Support of Defendant Brink's Notice of Removal of Civil Action Under 28 U.S.C. § § 1332, 144, and 1446 ("Smith Decl."), ¶¶ 2-3 ___.)

3. In accordance with 28 U.S.C. § 1446(a), true and correct copies of the following documents filed and served in the State Court Action are attached to the Declaration of Paul Smith. filed concurrently herewith:

- **Exhibit A:** Summons
- **Exhibit B:** Civil Case Cover Sheet
- **Exhibit C:** Complaint
- **Exhibit D:** All other process, pleadings, and orders served upon Defendant in this action. (Smith Decl. ¶¶ 3-4).

## II.   TIMELINESS OF REMOVAL

4. A defendant in a civil action has 30 days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable").

5. As explained above, Plaintiff served the Summons and Complaint on Defendant's registered agent on April 12, 2022. Because Defendant filed this removal within 30 days of service of the Summons and Complaint, removal is timely.

### III.    DIVERSITY JURISDICTION

6.    This Court has subject matter jurisdiction in this case based upon diversity jurisdiction.  28 U.S.C. § 1332.  Diversity jurisdiction exists in a civil matter when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different states.  *Id*. § 1332(a)(1).  Both of the requirements for subject matter jurisdiction based on diversity jurisdiction are met in this case and this case is removable to this Court.

7.    Under 28 U.S.C. section 1446(a), a defendant seeking to remove a case to federal court need only file a "notice of removal 'containing a short and plain statement of the grounds for removal.'"  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014).  This language "tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure" and that "[a] statement short and plain need not contain evidentiary submissions."  *Id*. at 551, 553.

A.    **Complete Diversity Exists Between the Parties.**

8.    **Plaintiff is a citizen of California:** For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Residence is prima facie evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Murroquin v. Wells Fargo, LLC,* 2011 U.S. Dist. LEXIS 10510, at *3-4 (S.D. Cal. 2011); *Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of residence provides prima facie case of domicile); see also *Lew v. Moss, 797 F.2d 747, 751* (9th Cir. 1986) (allegations of residency in a state court Complaint can create a rebuttable presumption of domicile supporting diversity of citizenship).

9.    As evidenced by the address on her wage statements and termination letter attached as exhibits to her Complaint, Plaintiff worked for Brink's while a resident of the state of California.  (See, Complaint, generally.)   Plaintiff lists the same California address in the caption to her Complaint. As such, Defendant is informed and believes that Plaintiff resides in and has

1  demonstrated her intent to remain in California, and is thus domiciled in, and for purposes of diversity
2  jurisdiction is, a citizen of the State of California.

3        10.    **Defendant is a Citizen of Delaware and Virginia:** For the purposes of diversity
4  jurisdiction, a corporation is a citizen of both its state of incorporation and the state in which it has
5  its principal place of business.  28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93
6  (2010).  A corporation's principal place of business is where the corporation's officers direct, control,
7  and coordinate the corporation's activities, i.e., its "nerve center," typically the corporation's
8  corporate headquarters or where actual corporate decision-making takes place.  *Hertz*, 559 U.S. at
9  80-81.

10        11.    Defendant is incorporated under the laws of the State of Delaware. Defendant's
11  principal place of business is in Richmond, Virginia because its headquarters, executive and senior
12  management personnel, as well as its primary management operations, are located in Richmond,
13  Virginia.[1] (Smith Decl. ¶ 5, **Exhibit E**) Accordingly, for the purposes of determining diversity,
14  Defendant is a citizen of Delaware and Virginia.

15      **B.**    **The Jurisdictional Minimum Is Easily Met.**

16        12.    "[A]s specified in § 1446(a), a defendant's notice of removal need include only a
17  plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135
18  S. Ct. at 554 (emphasis added).  Legal certainty of the amount in controversy is not required. *See*
19  *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. Aug. 27, 2013) ("A defendant
20  seeking removal . . . must demonstrate, by a preponderance of evidence, that the aggregate amount
21  in controversy exceeds the jurisdictional minimum"). "[T]he amount-in-controversy inquiry in the
22  removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co*., 372 F.3d
23  1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal
24  petition). In determining the amount in controversy, the Court must consider the aggregate of general

---

[1] In full transparency, Defendant's Chief Executive and Chief Financial Officers also maintain offices in Texas. However, this does not impact the diversity analysis because even if this Court determined that Defendant is therefore a citizen of Texas instead of Virginia, and it should not, there remains complete diversity between the parties (California on the one hand, and Delaware and Texas on the other hand, versus California on the one hand, and Delaware and Virginia on the other hand).

damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *see also Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972).

13. To meet this relatively low burden regarding the amount in controversy, a defendant may rely on plaintiff's allegations, which are assumed to be true, and provide supplementary facts or numbers upon which the amount in controversy can reasonably be calculated. *See Korn v. Polo Ralph Lauren Corp.,* 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("In addition to the contents of the removal petition, the court considers 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal,' such as affidavits or declarations"); *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (allowing the use of "Defendant's own numbers" for "purposes of analyzing the amount in controversy"). Such calculations are more than sufficient to establish the amount in controversy. *See Rippee*, 408 F. Supp. 2d at 986 ("The amount of overtime claims in controversy can . . . be calculated using a combination of Defendant's own numbers and Plaintiff's allegations").

14. Based on the allegations in the Complaint, the amount in controversy here easily exceeds $75,000.[2]

### 1. **Plaintiff's Monetary Demand**

15. As an initial matter, Plaintiff's prayer for relief seeks $7,500,000 in damages for emotional distress, lost wages, a housing deposit, airfare, a hotel stay, and furniture. (Complaint, P. 2 of 2, Section 10(a)) 28 U.S.C. § 1446(c)(2): "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy…."

---

[2] The allegations in Plaintiff's Complaint are discussed solely to demonstrate that the amount in controversy exceeds $75,000. Defendant does not admit that Plaintiff is entitled to these damages or that Plaintiff will be able to recover on any of her theories. Defendant reserves the right to dispute Plaintiff's claims with respect to liability and damages.

### 2. *Plaintiff's Lost Earnings*

16. Plaintiff alleges that she has lost wages as a result of the allegations in her Complaint. (Complaint, P 2. Of 2, Section 10(a))

17. At the time of Plaintiff's termination on March 12, 2020, she earned an hourly rate of pay of $20.00 per hour and worked on average at least 30 hours per week. (Complaint at Pp. 30-38 – Wage Statements) Based on Plaintiff's allegations that she was terminated on March 12, 2020, her past economic damages for lost wages from her date of termination through the present would be no less than approximately **$67,800**.[3]

18. According to the December 2021 Judicial Caseload Profile for the Northern District of California, the median time from filing to trial is 30.9 months, or just more than 2.5 years. (Smith Decl. ¶ 6, **Exhibit F**). Optimistically forecasting that this case could proceed to trial within just two (2) years of removal (May 2024) would add an additional $62,400 in further lost wages.[4] Combined with the lost wages amount in Paragraph 17 above, Plaintiff's lost earnings alone exceed the jurisdictional threshold for diversity.

### 3. *Emotional Distress Damages*

19. Additionally, Plaintiff seeks damages for "emotional distress" and "emotional trauma" inflicted upon her and her children. (Complaint at Pp. 2-3).

20. The amount of emotional distress damages sought increases the amount in controversy. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (finding "[plaintiff's] emotional distress damages would add at least an additional $25,000 to his claim."); *see also White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (a wrongful termination claim that contains a prayer for a "lengthy list of compensatory and punitive damages," including, loss of pay, impaired earning capacity, emotional distress, etc., combined with a claim for attorneys' fees and punitive damages, is sufficient to exceed the $75,000.00 minimum required to establish diversity jurisdiction).

---

[3] Based on her hourly rate of $20.00 per hour and assuming a conservative 30 hours per week, Plaintiff earned a weekly wage of $600 ($20 * 30). As Plaintiff was terminated approximately 113 weeks prior to the filing of this motion, her economic damages from lost wages alone would be $67,800.

[4] Based on her hourly rate of $20.00 per hour and assuming a conservative 30 hours per week, Plaintiff earned a weekly wage of $600 ($20 * 30). From May 2022 to May 2024 is 104 weeks - $20 * 30 * 104 equals $62,400.

21. In fact, plaintiffs who seek recovery for emotional distress damages in employment litigation frequently have been awarded <u>emotional distress damages in excess of $75,000</u>. *See, e.g., Landis v. Pinkertons, Inc*., 122 Cal. App. 4th 985, 988 (2004) ($275,000.00 emotional distress damages awarded in wrongful termination case); *Kolas v. Access Bus. Group LLC*, 2008 WL 496470 (Cal. Superior Jan. 14, 2008) ($200,000 in emotional distress damages for wrongful termination claim based on, among other things, plaintiff's alleged disability); *see also Chambers v. Penske Truck Leasing Corp.*, 2011 WL 1459155 (E.D. Cal. April 15, 2011) ("A court may consider that emotional distress damages are potentially substantial").

22. Although Defendant denies that Plaintiff is entitled to any recovery, by reference to similar litigation proceeding under the same statutory authority, the value of Plaintiff's asserted emotional distress claims alone substantially exceeds the jurisdictional minimum.

### IV.   VENUE IS PROPER IN THIS COURT

23. Venue lies in this Court because Plaintiff's action is pending in this district and division. *See* 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1441(a), this case may properly be removed to the Northern District of California because Plaintiff filed this case in the Superior Court of California, County of Alameda. Additionally, Defendant is informed and believe that the events allegedly giving rise to this action occurred within this judicial district.

### V.   SATISFACTION OF REQUIREMENTS OF 28 U.S.C. § 1446

24. In accordance with United States Code, Title 28, Section § 1446(a), Exhibits A-F attached to Declaration of Paul Smith filed concurrently with this Notice of Removal constitute a copy of all processes, pleadings, and orders either served upon or by Defendant. As required by 28 U.S.C. §1446(b), the Notice of Removal was filed within 30 days after Defendant was personally served with Plaintiff's Complaint. As required by 28 U.S.C. §1446(d), Defendant will provide notice of this removal to Plaintiff through her attorneys of record and a copy of this Notice of Removal will be filed with the Superior Court of the State of California, for the County of Alameda.

### VI.   CONCLUSION

25. Because this civil action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs, Defendant hereby removes Alameda

County Superior Court Case # 22CV008603 to this United States District Court for the Northern District of California.

26. In the event this Court has a question regarding the propriety of this Removal, Defendant requests the Court set an evidentiary hearing so that it may have an opportunity to more fully brief the Court on the basis of this removal.

DATED: May 12, 2022                 OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: /s/ Paul M. Smith
    James T. Conley
    Paul M. Smith
    Attorneys for Defendant
    BRINK'S INCORPORATED
    (erroneously named as Brinks Corporation)